IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HERBERT WHITLOCK,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**ANGIE HOLLINGSWORTH, C/O** )<br>**GIVEN, MAJOR GAETZ, LT. OACHES,** )<br>**PAMELA MORAN, MR. STEPHENSON,** )<br>**J.C. GARNETT, MELODY FORD,** )<br>**ROGER WALKER and UNKNOWN** )<br>**PRISON OFFICIAL,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 04-885-WDS** |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In this action, Plaintiff challenges a 2002 amendment to the Illinois statute that mandates collection of a DNA sample from persons convicted of certain offenses. The statute in question now provides, in pertinent part:

> Notwithstanding other provisions of this Section, any person incarcerated in a facility of the Illinois Department of Corrections on or after August 22, 2002 shall be required to submit a specimen of blood, saliva, or tissue prior to his or her final discharge or release on parole or mandatory supervised release, as a condition of his or her parole or mandatory supervised release.

730 ILCS 5/5-4-3(a).

Plaintiff states that in June 2004, Defendants at Lawrence ordered him to provide a blood sample in compliance with the statute. He refused, resulting in a disciplinary ticket; he later complied with the statute and provided a blood sample. He argues that this statute violates the Ex Post Facto clause of the Constitution, as his sentence was imposed in 1987. He further argues that he should not be subjected to disciplinary penalties for his refusal to comply with the statute. He also claims that he should not be required to provide a DNA sample, as he is serving a natural life sentence. Finally, he raises challenges to the chain-of-custody of these DNA samples, to the disparity between blood and saliva samples, and to the possibility of his sample being used for a possible future "frame-up." Finally, he claims that being charged $200 for the cost of the testing, and being subjected to disciplinary action for failure to comply with the statute, also violates the Ex Post Facto clause.

The Seventh Circuit had occasion to examine many similar claims in 1995, long before Plaintiff filed this action. *See Gilbert v. Peters*, 55 F.3d 237 (7th Cir. 1995). The Circuit specifically held that "[t]he blood specimen statute thus does not run afoul of the Ex Post Facto Clause." *Id.* at 239. The Circuit also held that "[d]isciplinary measures imposed on inmates for failing to obey orders [to provide a DNA sample] also do not violate the Ex Post Facto Clause." *Id.* Finally, the Circuit took note of an Illinois Supreme Court ruling, which held that the requirement that collection of a sample be done "prior to final discharge, parole, or release" is not an enforcement requirement, but rather a timing mechanism. *Id., citing Doe v. Gainer*, 162 Ill.2d 15, 642 N.E.2d 114 (1994), *cert. denied*, 513 U.S. 1168. The Court notes that the statute now also applies to "[a]ny person serving a sentence of life imprisonment in a facility of the Illinois Department of Corrections on the effective date of this amendatory Act of the 94th General Assembly," thus removing the question of timing for those serving a life sentence. *See* 730 ILCS 5/5-4-3(a).

The statute also requires that the type of sample taken will be determined by the Illinois Department of State Police, 730 ILCS 5/5-4-3(c-6), procedures for sample collection are set forth in the statute, 730 ILCS 5/5-4-3(d)-(e), and strict guidelines are specified for the use and dissemination of DNA information obtained. 730 ILCS 5/5-4-3(f). Therefore, Plaintiff's concerns regarding chain of custody, the type of sample required, and potential misuse of samples are without merit.

Finally, the Court notes that Plaintiff filed a motion to add a defendant and clarify his claim (Doc. 4). The primary basis for this motion is his contention that he was not convicted of a "qualifying offense" that would require his compliance with the statute. However, as stated above, the statute now requires a DNA sample be provided by anyone serving a life sentence in the Illinois

Department of Corrections, "[n]otwithstanding other provisions of this Section." 730 ILCS 5/5-4-3(a). Therefore, his claim is without merit, there is no need to add another defendant, and this motion is **DENIED**.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: July 22, 2005**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**